IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN EMILIA HERNÁNDEZ ORTIZ<br>Plaintiff<br><br>v.<br><br>HOLSUM DE PUERTO RICO, INC.<br>Defendant | CIVIL NO.:<br><br>ALLEGED UNJUST DISMISSAL OF EMPLOYMENT |

**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Comes now Defendant, Holsum de Puerto Rico, Inc. (hereinafter the "**Holsum**"), through the undersigned attorney, and pursuant to 28 U.S.C. § 1441 it hereby gives notice of removal of this action from the Puerto Rico Court of First Instance, Superior Part of Bayamón, where it is pending, to the United States District Court for the District of Puerto Rico. In support of this Notice of Removal, Holsum states as follows:

1. On May 28, 2021, Holsum was served with process in a civil action commenced in the Puerto Rico Court of First Instance, Superior Part of Bayamón, identified as follows: <u>Carmen Emilia Hernández Ortiz v. Holsum de Puerto Rico, Inc.</u>, Civil Number BY2021CV02026.

2. Pursuant to 28 U.S.C. § 1441 all the pleadings before the Puerto Rico Court are attached to this Notice as **Exhibits 1-13**.

3. The Amended Complaint and Summons served upon Holsum, are attached to this Notice as **Exhibits 2 and 5**, in compliance with 28 U.S.C. § 1446(a).

4. Since the Amended Complaint was filed under the summary procedure established by Puerto Rico Law No. 2 of October 17, 1961, as amended, P.R. Laws Ann. Tit. 32 §§3118-3113, on June

7, 2021, Holsum -in an abundance of caution- filed an Answer to Complaint, attached to this Notice as **Exhibit 8**.

5. The district courts of the United States have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §1331.

6. In this case, Plaintiff alleges that she was wrongfully terminated from her employment with Holsum for refusing to take an experimental vaccine that is being provided under the United States Food and Drug Administration ("FDA") Emergency Use Authorizations ("EUAs") in response to the Coronavirus disease 19 ("COVID-19") pandemic. *See* **Exhibit 2**, Amended Complaint, ¶¶7, 8, 9, 10, 11 and 12.

7. Plaintiff alleges that Section 564 of the Food Drug and Cosmetic Act, the statute enabling the FDA to authorize medical products for emergency use, requires that the person to whom the vaccine will be administered be advised of his or her right to refuse administration of the product, the consequences, if any, of rejecting the administration of the product, and the alternatives to the product that are available with its benefits and risks. *See* **Exhibit 2**, Amended Complaint, ¶11 and 12, specifically citing the Federal Food, Drug and Cosmetics Act ("FDCA"), 21 U.S.C. §360bbb-3. Specifically, paragraph 12 of the Complaint states:

> The action by an employer to obligate its employees to be vaccinated against COVID-19, under the threat of being dismissed, contravenes the voluntary nature of the vaccination as provided by the Federal Food, Drug and Cosmetic Act itself. The employees that are threatened with being fired if they refuse to be vaccinated against COVID-19, cannot render a free and voluntary consent to the vaccination.

*See* **Exhibit 2**, Amended Complaint, ¶12.

8. Furthermore, Plaintiff asserts §360bbb-3 of the FDCA as her first and main basis for her conclusory allegations of lack of just cause for her termination of employment that are included in the

Complaint, as part of her insufficient attempt to establish an implausible *prima facie* case of age discrimination and, in the alternative, challenge her termination.  See **Exhibit 2**, Amended Complaint, ¶9, 11 and 12.

9.    Hence, in essence, Plaintiff alleges that Holsum wrongfully discharged her in direct violation of Federal Law, specifically the FDCA, 21 U.S.C. §360bbb-3 – Authorization for medical products for use in emergencies.

10.    Removal to a federal court is authorized when the civil action brought before State Court could have been presented originally in a United States District Court. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

11.    To file a claim before Federal Court, either diversity jurisdiction or federal question jurisdiction must be present. Federal question jurisdiction is codified in 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". *See* id.

12.    "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See* Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The "well-pleaded complaint rule" ordinarily makes Plaintiff the master of his claim by allowing him to avoid federal jurisdiction by purposefully alleging state law claims in the complaint. *See* Id.

13. Even though "well-pleaded complaint rule" would ordinarily bar the removal of a complaint alleging state law claims, the "complete preemption" exception allows a defendant to remove a seemingly state law claim to federal court. *See* Cavallaro v. UMass Memorial Healthcare, Inc., 678 F.3d 1, 4 (1st Cir., 2012).

14. The "complete preemption" exception "applies where a purported state claim either is re-characterized as a federal claim or (…) is otherwise so related to federal law as to permit the removal." *See* Cavallaro v. UMass Memorial Healthcare, Inc., 678 F.3d at 4.

15. The United States Supreme Court explained that under the "complete preemption" doctrine the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *See* Caterpillar, Inc., 482 U.S., at 393. (quoting Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65 (1985). Thus, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* It is evident from Plaintiff's Amended Complaint that her claim arises under federal law since her cause of action is premised on Holsum's alleged violations of Plaintiff's rights under federal law, including but not limited to 21 U.S.C. §360bbb-3 of the FDA. Thus, in order to consider Plaintiff's allegations an interpretation of the FDA is warranted because Plaintiff raises a federal question pursuant to the same.

16. Even though on its face, the Amended Complaint filed by Plaintiff before Puerto Rico State Court seems to allege a garden variety cause of action for age discrimination and unjustified dismissal under Puerto Rico law, a thorough review of the Amended Complaint and Plaintiff's reliance on the alleged rights provided by Federal Law turn Plaintiff's claims into a federal cause of action

because it presents a substantial federal question. Hence, since the cause of action that Plaintiff raises in the case of caption seeks the enforcement of alleged rights created by Federal Law, the case falls within the "complete preemption" exception effectively transmuting Plaintiff's claim into a federal claim.

17. Thus, federal law completely preempts Plaintiff's state law claim.

18. As a result of the above, this Honorable Court has original jurisdiction over the case of caption and removal must be granted.

**WHEREFORE**, Holsum de Puerto Rico, Inc. very respectfully requests this Honorable Court to take notice of the removal of this action, list the same within its docket, and order the exclusion of any further proceedings in the Court of First Instance of the Commonwealth of Puerto Rico, Superior Part of Bayamón or in any state court in accordance with law.

**WE HEREBY CERTIFY**: That on this date a true and exact copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and exact copy of the foregoing document has been sent by regular mail and electronic mail to the following CM/ECF non-participants:

- **Luis E. Mercado Hidalgo, Esq.**
    - Mailing Address: PO Box 228, Hatillo, Puerto Rico  00659.
    - Electronic Mail: lcdomercadohidalgo@gmail.com

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 28th day of June, 2021.

ATTORNEYS FOR DEFENDANT
Holsum de Puerto Rico, Inc.
P.O. Box 194302
San Juan, P.R. 00919-4302
TEL.: (787) 767-7777
FAX: (787) 763-2286

*s/ Jorge C. Pizarro García*
**JORGE C. PIZARRO GARCÍA**
USDC-PR#205708
Email address: jpizarro@pg.legal

*s/ José R. González-Nogueras*
**JOSÉ R. GONZÁLEZ-NOGUERAS**
USDC-PR # 214003
E-mail address: jgonzalez@pg.legal

*s/María Elisa Echenique-Arana*
**MARÍA ELISA ECHENIQUE-ARANA**
USDC-PR #229213
E-mail address: mechenique@pg.legal