**Exhibit 1**



COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SUPERIOR PART OF BAYAMÓN

| | |
|---|---|
| Carmen Emilia Hernández Ortiz<br>Plaintiff | . CIVIL NO.:<br>. |
| | . RE: |
| v. | . Unjust dismissal through<br>. Summary Labor Procedure |
| HOLSUM DE PUERTO RICO, INC.<br>Defendant | . and Damages and Prejudice<br>. Due to Discrimination |

# COMPLAINT

BEFORE THIS HONORABLE COURT:

Comes now the plaintiff, Carmen Emilia Hernández Ortiz, through her legal representation, Atty. Luis Emilio Mercado Hidalgo, who before this Honorable Court very respectfully STATES, ALLEGES and PRAYS:

I. THE PARTIES OF THE LITIGATION:

1. That the plaintiff is Carmen Emilia Hernandez Ortiz, whose residential address is Faisán Street, interior, Santa Rosa ward, Sabana sector, Vega Alta Puerto Rico and her postal address PO Box 1322, Vega Baja, Puerto Rico 00694.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

2. The defendant is HOLSUM DE PUERTO RICO, INC., a corporate entity authorized to do business in Puerto Rico (Registry of the Department of State, Number 102542).

II. LABORAL SUMMARY PROCEDURE UNDER LAW 2-1961

3. We invoke the laboral summary procedure of Law 2-1961, as amended, 32 L.P.R.A. 3113 and ss ("Law 2"). Law 2 provides that the judicial claims can be filed before the Courtroom of the court of First Instance of the judicial district where the plaintiff residences or where the work was rendered for the employer. In this case as we have seen she resides in Vega Alta, Puerto Rico.

4. The plaintiff was employed by the defendant as of October 2007 in a position as occupational nurse.

III. CAUSE OF ACTION FOR DISMISSAL

5. The plaintiff Carmen Emilia Hernandez Ortiz was dismissed without just cause on April 11, 2021, her dismissal was verbally communicated by Mr.

Note: *Exempt of cancelling stamps, since it involves a case under the summary labor procedure, Law 2 of October 17, 1961, as amended, 32 L.P.R.A. 3118 and ss; Valentin v. Housing Promoters, Inc, 148 D.P.R. (1998).

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

Nelson Vélez in the presence of Mrs. Enid Vélez Esteves. She occupied the position of occupational nurse earning a salary of $19.11 per hour.

6. It is through work that thousands of men and women guarantee the sustenance of their home, the medical care of their family and the education of the Puerto Rican children. The institution of the family is fortified when its members work hard and honorably for the welfare of the same. For these reasons, the Law dissuades all attempt against work.
7. The defendant dismissed the plaintiff due to the fact that she declined to receive the vaccination against Covid-19.
8. The decision of the employer to impose a medical treatment to the plaintiff as a condition for employment was an unjustified condition that tarnishes her right to intimacy, to make decisions about her own body and to select the medical treatment to which she is going to be submitted.
9. First of all, we must state that the Food and Drug Administration of the United States (FDA) has only issued an Emergency Use Authorization for

the aforementioned three (3) vaccines. This means that the clinical tests of these vaccines still continue in course. It is not until the finalization of these clinical tests that the FDA may impart its final approval to these products. The process of clinical trials is designed to last approximately two (2) years.

10. Recently there has been raised the concern at an international level after the FDA recommended that the provision of the vaccine developed by Johnson & Johnson be paralyzed. This after there were six (6) cases reported in the United States of persons that developed an anomalous and grave coagulation of blood after receiving the aforementioned vaccine. As appears from the joint declaration issued last April 13, 2021, by the Centers for the Control and Prevention of Diseases of the United States (CDC), and the Food and Drug Administration of the United States (FDA), in the six (6) persons affected there was observed a type of coagulation of blood called Cerebral Venous Sinus Thrombosis (CVST in English). Furthermore, these persons presented low platelet levels in the blood (thrombocytopenia). The six (6) persons affected were women

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

between the ages of 18 and 48. They presented symptoms of six (6) to thirteen (13) days after receiving the vaccination. The joint communication itself of the CDC and the FDA mention that this treatment for this specific type of blood coagulation "is different to the treatment that is normally administered. Generally, to treat blood coagulations, an anticoagulant medication called heparin in used. In this case, the administration of heparin can be dangerous and it is necessary to administer alternative treatments." Surprisingly, the vaccination of Johnson & Johnson had an Emergency Use Authorization issued by the FDA. This manifests that an Emergency Use Authorization is not equal to the final approval of the FDA after concluding the clinical tests required.

11. Section 564 of the Federal Food, Drug and Cosmetic Act (FD&C Law), provides, as a condition for the issuance of an Emergency Use Authorization of a medication not approved by the FDA, that the Secretary of Health and Human Services of the United States be sure that the persons that receive the medication are informed "of the option to reject or accept the administration of the product, of the consequences,

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

if any, of rejecting the administration of the product, and of the alternatives to the product that are available with their benefits and risks". 21 USCS § 360bbb-3. The cited Law is clear in stating that the persons are entitled to reject the administration of a medication that only has an Emergency Use Authorization from the FDA.

12. The action by an employer to obligate its employees to be vaccinated against COVID-19, under the threat of being dismissed, contravenes the voluntary nature of the vaccination as provided by the Federal Food, Drug and Cosmetic Act itself. The employees that are threatened with being fired if they refuse to be vaccinated against COVID-19, cannot render a free and voluntary consent to the vaccination. On the contrary, these employees are being obligated to receive the vaccination against COVID-19 through intimidation, coercion and threat. To this there is added that it is reasonable that many persons have doubts as to the security and effectiveness of some vaccines that do not have the final approval of the FDA, since they only have Emergency Use Authorizations. In a similar manner, there is no justification to require that an employee use

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

prophylactic medical treatments that have no impact on the specific performance of their functions.

13. The Constitution of the Commonwealth of Puerto Rico protects the inviolability of the human body and the right of the persons to make decisions with regard to the same, particularly their right to decide about their medical treatment.

14. The Bill of Rights and Responsibilities of the Patient, Law No. 194 of August 25, 2000, recognizes the right of every patient to fully participate in the decisions related to their health and medical care. This statute establishes that every patient may render their consent to accept or reject medical treatment, as well as manifest their preference over any treatment.

15. According to the right to intimacy consecrated in our Constitution and of the free interest protected by due process of law, every patient has the right to make decisions about their medical treatment. this includes the right to accept or reject a specific course of action related to their medical care.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

16. In the United States the right to reject medical treatment is derived from the doctrine of informed consent of the common Anglosaxon law and of the clause of due process of law of the Federal Constitution. Meanwhile, in Puerto Rico, said right is recognized, not only as part of the doctrine of informed consent, but also as part of the right to intimacy expressly guaranteed in our Constitution as a fundamental right.
17. The defendant by making the obstinate decision to dismiss the plaintiff with her conduct demonstrated that it has no respect for the human dignity and for individual freedom.
18. That the defendant HOLSUM OF PUERTO RICO, INC., did not indemnify the plaintiff Carmen Emilia Hernández Ortiz with the severance payment that the dismissal was without just cause, pursuant to what is ordered by Law. It is obligated to pay the amount of $16,652.00.
19. The defendant HOLSUM DE PUERTO RICO, INC. has not complied with the previous labor obligations and the plaintiff Carmen Emilia Hernández Ortiz has a cause of action and requires the compliance of the same.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

IV. CAUSE OF ACTION FOR DISCRIMINATION

20. The plaintiff was subject to discrimination in her employment, being this the cause of her dismissal. The plaintiff was discriminated due to age, since the other younger employees also decided to reject the vaccination and they were not dismissed, that is the plaintiff was given a different treatment, in addition to the fact that once dismissed she was substituted by a younger nurse.

21. Article II § 1 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico expressly establishes that no discrimination whatsoever may be established.

22. Law No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §147, prohibits the dismissal, suspension or discrimination against an employee due to age, among other prohibitions of discrimination.

23. The defendants did not comply with their duty to proved a workplace free of discrimination.

24. It is requested from this Honorable Court that it grant attorneys fees in the labor claim for unjust dismissal.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

25. That as a result of the discrimination due to age and the unjust dismissal, the plaintiff Carmen Emilia Hernández Cruz had mental anguish, suffering in believing that she could not comply with her financial duties, change of state of mind, loss of sleep and damages to her personal and professional reputation that are estimated in an amount of not less than $250,000.00.

**WHEREFORE**, it is very respectfully requested from this HONORABLE COURT that it issue Judgment **Granting** this Complaint, with the other pronouncement that are pertinent pursuant to Law.

RESPECTFULLY SUBMITTED.

In Hatillo, Puerto Rico, today May 21, 2021.

**ATTY. LUIS E. MERCADO HIDALGO**
**R.U.A. IDENTIFICATION: 19,885**
**P. O. BOX 228**
**HATILLO, PUERTO RICO 00659**
**TEL. 787-453-7437**
**E-Mail: lcdomercadohidalgo@gmail.com**

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218