**Exhibit 8**

### COMMONWEALTH OF PUERTO RICO
### COURT OF FIRST INSTANCE
### SUPERIOR PART OF BAYAMÓN

| | |
|---|---|
| **CARMEN EMILIA HERNÁNDEZ ORTIZ** | . CIVIL NO.: BY2021CV02026 |
| Plaintiff | . |
| | . RE: Unjust dismissal through |
| v. | . Summary Labor Procedure |
| | . and Damages and Prejudice |
| **HOLSUM DE PUERTO RICO, INC.** | . Due to Discrimination |
| Defendant | . |

............................................................

### ANSWER TO AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the defendant HOLSUM DE PUERTO RICO, INC. (hereinafter **"Holsum"** or **"defendant"**), through its undersigned attorneys, and very respectfully proceeds to answer the captioned AMENDED Complaint:

### I. THE PARTIES OF THE LITIGATION

1.    What is alleged in paragraph one (1) of the Amended Complaint does not require a responsive allegation from Holsum since it involves personal circumstances of the plaintiff, Mrs. Carmen Emilia Hernández Ortiz (hereinafter,

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

**"Hernández Ortiz"** or "plaintiff").  If required, it is denied due to lack of information of the defendant to aver about the actual personal circumstances of Hernández Ortiz.  It is denied that Holsum, its agents, representatives, insureds or any person whatsoever has a duty to respond to the plaintiff for the allegations contained in her Complaint and Amended Complaint.  Affirmatively it is alleged that there was just cause in the termination of Hernández Ortiz due to her insubordination, lack of respect and repetitive unfounded refusal and non-compliance with the mandatory vaccination policy of Holsum.

2.     What is alleged in paragraph two (2) of the Amended Complaint is accepted.  It is affirmatively alleged that the physical address of Holsum is Road #2 Km. 20.1, Toa Baja, PR, 00951; the postal address is PO Box 8282, Toa Baja, PR, 00951; and the telephone of the company is (787) 798-8282.  Holsum is engaged in the elaboration of fresh products of the first necessity, such as, for example varieties of bread, bread rolls, and crackers.  It is denied that Holsum has a duty to respond to the plaintiff for the allegations stated in the Amended Complaint, pursuant to Law No. 80 of May 30, 1976, as amended (**"Law 80-1976"**); Law No. 100 of June 30, 1959, as amended **("Law 100-1959**); the

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

Constitution of the Commonwealth of Puerto Rico or pursuant to any law whatsoever.

## II.  SUMMARY PROCEDURE OF LABOR UNDER LAW 2-1961

3.      What is alleged in paragraph three (3) of the Amended Complaint does not require a responsive allegation from Holsum since it involves an argument of law, subjecting itself to the provisions of the summary procedure established in Law No. 2 of October 17, 1961, as amended **("Law 2-1961")**. If required, it is denied that the summary procedure established in Law 2-1961 is applicable to the case given the multiplicities and the nature of the allegations of dismissal, discrimination, violation of constitutional rights and damages.

4.      What is alleged in paragraph four (4) of the Amended Complaint is denied as drafted. It is affirmatively alleged that Hernández Ortiz worked for Holsum from October 7, 2007 until April 11, 2021, in the capacity as a nurse.

## III. CAUSE OF ACTION FOR DISMISSAL

5.      What is alleged in paragraph five (5) of the Amended Complaint is denied.  It is only admitted that the plaintiff was dismissed on April 11, 2021, that her dismissal was communicated verbally to her by Mr. Nelson Vélez

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

4

(Director of Human Resources) in the presence of Mrs. Enid Estévez (Head Nurse) and that her last salary earned was $19.11 per hour.  It is affirmatively alleged that the plaintiff was dismissed for just cause, pursuant to the provisions of Law 80-1976, as amended by Law 4-107, its jurisprudence, the public policy, regulation and the executive orders in effect in our law addressed to attending the emergency health situation.

It is affirmatively alleged that, at the beginning of the year 2020, the World Health Organization declared the Coronavirus 2019 (**"COVID-19")** illness as a pandemic and a public health emergency of international interest.  It is affirmatively alleged that, in view of the emergency, the work centers such as Holsum have been forced to implement multiple measures to confront the dangerous illness of COVID-19 in such a way as to protect its employees, their relatives and the general public that consumes the fresh products of essential needs elaborated by the company.  It is affirmatively alleged that, in the particular case of the employers, their actions are totally legitimate, since they are geared to complying with their constitutional duty of providing a workplace free of risks to the health and integrity of their employees, relatives and consumers.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

5

It is affirmatively alleged that Holsum is a company dedicated to the manufacture of food.  It is affirmatively alleged that, in harmony with the emergency situation, the public policy established in the country and the guidelines of the pertinent Federal and state agencies, on January 11, 2021 Holsum implemented in its workshop a Mandatory Vaccination Policy against COVID-19 (**"Mandatory Vaccination Policy"**) for its employees.  It is affirmatively alleged that the personnel of the Department of Human Resources and the Nursing personnel at Holsum, including the plaintiff that worked as a nurse, were the ones in charge of the establishment of the vaccination policy and its follow-up, for which reason since they had a greater exposure to all of the personnel of the plant, they were obligated to be the first to comply with the vaccination as an employment requirement, unless there was any health condition that was an incapacity under the Americans with Disabilities Act (**"ADA"**) and Law No. 44 of July 2, 1985, as amended, 1 L.P.R.A. § 501 et seq (**"Law 44-1985"**) or a sincere religious belief that required some type of accommodation.

It is affirmatively alleged that the plaintiff, as a nurse of Holsum, was one of the persons with greatest direct contact with the employees of the plant and,

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

6

also, the one obligated to attend and review the employees who had symptoms of COVID-19, among other illnesses, in the work shift that started at 3:30 pm. It is affirmatively alleged that the plaintiff, was one of the persons who by her position at the company would be principally in charge of managing the vaccination process of the other employees of Holsum, which commenced on April 12, 2021.  In view of the above, for Holsum it was imperative that Hernández Ortiz comply with the vaccination policy on or before April 11, 2021 and that she be vaccinated against COVID-19 because she was vulnerable to the infection and prone to contaminate other employees, except in case that there was any just reason that required from the company some type of accommodation. This was stated to the plaintiff.

It is affirmatively alleged that, on several occasions, the administration of Holsum communicated to the plaintiff that a mandatory vaccination policy had been implemented and that she as a nurse of the company, would have to coordinate and would be one of the persons in charge of the vaccination process of the personnel at the facilities of Holsum.  The plaintiff initially manifested to the administration of Holsum that she would get vaccinated, but later changed

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

her position without stating any reason whatsoever for her lack of compliance with the mandate.

It is affirmatively alleged that Holsum required that nurse Hernández Ortiz, as an employment condition, vaccinate against COVID-19.  It is affirmatively alleged that Hernández Ortiz requested time from Holsum to think if she would get vaccinated, because after informing that she would get vaccinated, she indicated that she was not sure, without stating any reason whatsoever for her lack of compliance with the mandate.  It is affirmatively alleged that, in light of her doubts, Holsum granted the plaintiff the opportunity to complete the Request for Exemption, stating in writing the basis for not wanting to be vaccinated for its analysis.  It is affirmatively alleged that after the plaintiff had failed to comply repeatedly with the terms provided to present the Request for Exemption, Mrs. Enid Estévez (Head Nurse) required  that Hernández Ortiz present her request on or before March 30, 2021.  It is affirmatively alleged that, on that date, the plaintiff again did not comply and requested from Mrs. Yarissa Fonseca (Human Resources) additional time to file her Request for Exemption.  It is affirmatively alleged that Mrs. Fonseca granted until April 1, 2021, at 3:30 pm, to file the

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

Request for Exemption.  Despite the above, the plaintiff did not submit the announced Request.  It is affirmatively alleged that at the time of Mrs. Fonseca culminating her work on April 1, 2021, the plaintiff, once again, had not delivered the document requested, demonstrating her insubordination and lack of cooperation with Holsum in the process of evaluating the legitimacy of her refusal to be vaccinated.  It is affirmatively alleged that Mrs. Fonseca once again instructed the plaintiff to submit her Request and waited for it until 6:30 p.m., the time when, after not receiving the Request, she left for her home in view of the repetitive insubordination of the plaintiff.

It is affirmatively alleged that on Sunday, April 4, 2021, Mr. Nelson Vélez and Mrs. Enid Estévez met with the plaintiff to interview her about her insubordination, lack of respect, false representations and lack of compliance with the delivery of the Request for Exemption, as instructed.  It is affirmatively alleged that the plaintiff did not provide any valid explanation whatsoever that could justify her conduct.  Mister Vélez indicated to the plaintiff that she was suspended while they completed the investigation regarding her conduct of insubordination, lack of respect and false representations.  In the absence of a

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

request for exemption with valid reasons that justified any accommodation, the plaintiff was instructed to be vaccinated on or before April 8, 2021. She told Mister Vélez that on the night of April 1, 2021 she had left her Request for Exemption, and in relation to the suspension stated "had I known I would have been vaccinated on Good Friday", which demonstrated her unfounded refusal to be vaccinated was an act of insubordination and whim directed to not complying with the policies of the company geared to ensuring the health of its personnel. Immediately thereafter, the plaintiff mentioned that she had a pharmacy near her home where she could get vaccinated. Mister Vélez indicated that she could get vaccinated with the vaccine of her preference and in the place of her preference. Nevertheless, he also informed the plaintiff that Holsum had made an appointment at a Vaccination Clinic, as an additional alternative so that she could comply with her obligation.

It is affirmatively alleged that despite having received an instruction to be vaccinated on or before April 8, 2021, and after representing that she would get vaccinated, Hernández Ortiz once again did not comply with her duty in an insubordinated manner, without any reason that would justify her refusal. This

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

being the case, the plaintiff was summoned on Sunday, April 11, 2021, the day

prior to commencing the vaccination process of the personnel of the plant, to find

out the status of her vaccination as the last opportunity. That day Mister Vélez

met with the plaintiff in the presence of Mrs. Estévez. At the meeting Mister

Vélez indicated to the plaintiff that after evaluating her Request for Exemption,

there were no valid reasons supported on health conditions or sincere religious

beliefs that required any type of accommodation from Holsum. He indicated to

her that there was pending informing her of the result of the investigation about

her insubordinated conduct and lack of respect but that they wanted to talk

about the status of her vaccination to consider providing her another opportunity.

It is affirmatively alleged that on April 11, 2021, when she was inquired

about the vaccination against COVID-19, the plaintiff informed that she did not

go to the appointment coordinated by the company and that she had also not

been vaccinated on her own account. It is affirmatively alleged that the plaintiff

was not refusing to be vaccinated, but that she could get vaccinated in the

future. It is affirmatively alleged that the plaintiff was notified that, in view of

her insubordination, lack of respect and false representations towards the

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

directives of the company together with the absence of legitimate reasons that justified her refusal to comply with the vaccination despite her position as a nurse with the obligation to implement and manage the vaccination process of the rest of the personnel, her employment relationship was deemed terminated on April 11, 2021.

It is affirmatively alleged that the decision of the plaintiff to be insubordinated and to not get vaccinated was voluntary and personal, not linked to any incapacity or a sincere religious belief that would justify exempting her of the Vaccination Policy and that required any type of unsolicited accommodation.

It is affirmatively alleged that a requirement of mandatory vaccination against COVID-19 in private employment does not violate any law whatsoever nor the Constitution.  In our laws, the capacity of a private employer like Holsum to require the vaccination of its employees is only limited by medical conditions that constitute incapacities, pursuant to Law 44-1985 or ADA, or a sincere religious belief.  It is affirmatively alleged that none of the exceptions apply to the plaintiff.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

It is affirmatively alleged that the plaintiff Hernández Ortiz, a nurse of Holsum with the duty to coordinate and direct the vaccination of employees, did not comply with a basic duty as an employee, derived from the standards of Holsum that are no contrary to the law, moral nor the public order.  It is affirmatively alleged that, in view of her lack of compliance, her lack of respect, and reiterated insubordination, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of the plaintiff.  Furthermore, her capricious refusal to comply with the Mandatory Vaccination Policy also fully justified her dismissal.  Everything that is stated above, on its own or due to its joint effect, justifies her dismissal, pursuant to our juridical law of Law 80-1976.

6.    What is alleged in paragraph six (6) of the Amended Complaint, does not require a responsive allegation from Holsum since it involves an irrelevant argument, not an allegation of facts.  If required, it is denied.  It is affirmatively alleged that, in view of the lack of compliance of the plaintiff with a basic duty of employment and the Mandatory Vaccination Policy established, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation five (5).

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

7.      What is alleged in paragraph seven (7) of the Amended Complaint is denied.  It is affirmatively alleged that, in view of the lack of compliance of the plaintiff with a basic duty of her employment, her insubordination, lack of respect, false representations and her lack of compliance with the Mandatory Vaccination Policy established, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation five (5).

8.      What is alleged in paragraph eight (8) of the Amended Complaint is denied.  It is denied that the decision of Holsum to establish a Mandatory Vaccination Policy to provide its employees a place free of health risks and secure is an illegitimate, unjustified act or that it violates the right to intimacy of its employees.  It is affirmatively alleged that the interest of minimizing the risks of contagion of its employees in the work area of their relatives, suppliers, clients and consumers constitutes a pressing and/or important interest for Holsum seeking the health and security of everybody. Similarly, the Mandatory Vaccination Policy is intimately related to the persecution of said goal, without impairing beyond what is strictly necessary the right of its employees.  It is

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

affirmatively alleged that the pressing constitutional interest pursuant to the mandate of the law - local and federal- of Holsum to maintain a safe workplace, as well as the obligation to maintain measures geared to minimizing the contagion of COVID-10 among its employees, relatives, suppliers, clients and consumers, prevail over any other individual right of a constitutional or statutory nature.   It is affirmatively alleged that Holsum did not impose any medical treatment whatsoever to the plaintiff.  A vaccination is not a medical treatment. It is affirmatively alleged that Holsum provided the plaintiff the opportunity to be vaccinated in the place of her preference, with the vaccination of her preference, and to state the reasons that could exist for her to be credited with an exemption, a process with which in an insubordinated and disrespectful manner she did not cooperate.   It is affirmatively alleged that, in view of the non-compliance of the plaintiff with a basic duty of her employment, her insubordination, lack of respect and false representations, as well as her lack of compliance with the Mandatory Vaccination Policy established, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation number five (5).

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

9.    What is alleged in paragraph number nine (9) of the Amended Complaint does not require a responsive allegation by Holsum since it involves an argument and not an allegation of facts. In the alternative, it is denied as drafted.  It is affirmatively alleged that, as a private employer, Holsum has the prerogative to establish as a condition of employment of all of its employees,  a Mandatory Vaccination Policy in a pandemic.  In view of her insubordination and lack of respect together with the absence of a sincere religious belief or an incapacity that would justify any type of accommodation that would exempt her from the obligation of being vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation five (5).

10.    What is alleged in paragraph ten (10) of the Amended Complaint does not require a responsive allegation by Holsum since it involves an argument and not an allegation of facts.  In the alternative, it is denied as drafted.  It is affirmatively alleged that, as a private employer, Holsum has the prerogative to establish as a condition of employment of all of its employees, a Mandatory Vaccination Policy in a pandemic.  In view of her insubordination, lack of respect and false representations together with the absence of a sincere religious belief

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

or an incapacity that would justify any type of accommodation that would exempt her from the obligation of being vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz. We incorporate by reference responsive allegation five (5). Holsum did not coordinate the administration of the vaccination of Johnson & Johnson to its personnel. It is affirmatively alleged that Holsum did not require from the plaintiff a particular vaccination against COVID-19, wherefore she could chose among any of the vaccines available in the market, and the location where she desired to have the vaccine administered. It is affirmatively alleged that, in view of the insubordination, lack of respect, false representations and capricious non-compliance with this legitimate requirement of her employment by one of the nurses of the company in charge of the process, her dismissal is justified. The plaintiff was dismissed with just cause on April 11, 2021, one day before the commencement of the vaccination process of all of the personnel of the plant, scheduled for April 12, 2021.

11.    What is alleged in paragraph eleven (11) of the Amended Complaint does not require a responsive allegation by Holsum since it involves an argument

Certified to be a true and correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

and not an allegation of facts.  In the alternative, it is denied as drafted.  It is affirmatively alleged that, as a private employer, Holsum has the prerogative to establish as a condition of employment of all of its employees, a Mandatory Vaccination Policy in a pandemic.  In view of her insubordination, lack of respect and false representations together with the absence of a sincere religious belief or an incapacity that would justify any type of accommodation that would exempt her from the obligation of being vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation five (5).  It is affirmatively alleged that the pressing constitutional interest and by mandate of law - local and federal - of maintaining a safe workplace, a well as the obligation to maintain measures geared to minimizing the collective contagion of COVID-19, prevail over any other individual right of a constitutional or statutory nature.

12.   What is alleged in paragraph twelve (12) of the Amended Complaint does not require a responsive allegation by Holsum since it involves an argument and not an allegation of facts.  In the alternative, it is denied as drafted.  It is affirmatively alleged that, as a private employer, Holsum has the prerogative to

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

establish as a condition of employment of all of its employees, a Mandatory Vaccination Policy in a pandemic.  In view of her insubordination, lack of respect and false representations together with the absence of a sincere religious belief or an incapacity that would justify any type of accommodation that would exempt her from the obligation of being vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation five (5).

13.   What is alleged in paragraph thirteen (13) of the Amended Complaint does not require a responsive allegation from Holsum since it involves an argument of law.  If it is required, it is denied, with the qualification that the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico also imposes on the employers the duty to establish measures and take actions geared to protecting the employees from risks to their health.  It is affirmatively alleged that the capricious voluntary determination, not based on any valid basis whatsoever, of the plaintiff constituted a potential direct threat to the employees of Holsum, their relatives, suppliers, clients and consumers, since it involved a nurse that would be in direct contact with the employees, including those that

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

exhibited any type of symptoms and potentially with persons in a delicate health condition.  In view of the above, due to her insubordination, lack of respect and false representation together with the absence of a sincere religious belief or incapacity that justify any type of accommodation that would exempt her from the obligation to be vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation number five (5).  It is affirmatively denied that the pressing constitutional interest and by mandate of the law - local and federal - of maintaining a safe workplace, as well as the obligation to maintain measures geared to minimizing the collective contagion of COVID-19, prevail over any other individual right of a constitutional or statutory nature.

14.  What is alleged in paragraph fourteen (14) of the Amended Complaint does not require a responsive allegation by Holsum since it involves an argument of law.  If it is required, it is denied, with the qualification that the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico also imposes on the employers the duty to establish measures and take actions geared to protecting the health risks of their employees.  It is affirmatively alleged that the capricious

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

voluntary determination, not based on any valid basis whatsoever, of the plaintiff constituted a direct threat to the employees since it involved a person that would be in direct contact with the employees, including those that exhibited any type of symptoms and potentially with persons in a delicate health condition.  In view of the above, due to her insubordination and lack of respect together with the absence of a sincere religious belief or incapacity that justifies any type of accommodation that would exempt her from the obligation to be vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation number five (5).

15.  What is alleged in paragraph fifteen (15) of the Amended Complaint does not require a responsive allegation by Holsum since it involves an argument of law.  If it is required, it is denied, with the qualification that the right to intimacy of the plaintiff cannot be above the right of the other employees of Holsum, their relatives, suppliers, clients and consumers to avoid health risks. It is affirmatively alleged that the  capricious voluntary determination, without any basis whatsoever, of the plaintiff constituted a direct threat to the employees

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

since it involved a person that would be in direct contact with the employees, including those that exhibited any type of symptoms and potentially with persons in a delicate health condition, and which obligated it to coordinate and direct the vaccination of the employees. In view of the above, due to her insubordination and lack of respect and false representations together with the absence of a sincere religious belief or incapacity that justifies any type of accommodation that would exempt her from the obligation to be vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation number five (5).  The vaccination is not a medical treatment.

16.    What is alleged in paragraph sixteen (16) of the Amended Complaint does not require a responsive allegation by Holsum since it involves an argument of law.  If required, it is denied, with the qualification that the right of the plaintiff to reject medical treatment cannot go over the right of the other employees, their relatives, suppliers, clients and consumers of Holsum to avoid health risks.  The right to reject medical treatment is not absolute.  Affirmatively it is alleged, also, that the vaccination does not constitute a medical treatment.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

Affirmatively it is alleged that the capricious voluntary determination, without any valid basis whatsoever, of the plaintiff constituted a direct threat to the employees of Holsum, their relatives, suppliers, clients and consumers, since it involved the person that would be in direct contact with the employees, including those that exhibited any type of symptoms and potentially with persons in a delicate health condition.  In view of the above, due to her insubordination and lack of respect and false representations together with the absence of a sincere religious belief or incapacity that justified any type of accommodation that would exempt her from the obligation to be vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.   We affirmatively allege that the rights alleged by the plaintiff are not absolute. We incorporate by reference responsive allegation number five (5).

17.    What is alleged in paragraph seventeen (17) of the Amended Complaint is denied.   Affirmatively it is alleged that, as a private employer, Holsum has the prerogative to establish as a condition of employment of all of its employees, a Mandatory Vaccination Policy in a pandemic.  In view of her insubordination, lack of respect and false representations together with the

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

absence of a sincere religious belief or incapacity that justifies any type of accommodation that would exempt her from the obligation to be vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation number five (5).

18.  What is alleged in paragraph eighteen (18) of the Amended Complaint is denied.  It is accepted that Holsum did not indemnify the plaintiff Hernández Ortiz with the severance payment, since her dismissal was fully justified by her insubordination, lack of respect and reiterated non-compliance with the vaccination policy of Holsum pursuant to Law 80-1976 and its interpretative jurisprudence.  In view of the absence of a sincere religious belief or incapacity that would justify any type of accommodation that would exempt her from the obligation of being vaccinated, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz.  We incorporate by reference responsive allegation five (5).

19.  What is alleged in paragraph nineteen (19) of the Amended Complaint is denied.  It is denied that Holsum did not copy with any labor

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

obligation towards the plaintiff.  The plaintiff incurred in insubordination, lack of

respect, false representations and the repetitive non-compliance of the basic

duties and the Mandatory Vaccination Policy without any valid basis whatsoever.

Affirmatively it is alleged that, as a nurse of Holsum, Hernández Ortiz should be

vaccinated since not doing so would put at risk the employees of the company,

their relatives, suppliers, clients and consumers.  It is affirmatively alleged that

the actions of Holsum were at all time legitimate, directed by the pressing

interest of providing its employees a safe place of employment, free of health

risks, as well as reducing the risk of exposure to COVID-19 in the midst of a

pandemic.  We incorporate by reference responsive allegation five (5).

## IV.  CAUSE OF ACTION FOR DISCRIMINATION

20.    What is alleged in paragraph twenty (20) of the Amended Complaint

is denied.  It is denied that Holsum fired Hernández Ortiz for discriminatory

reasons or because of her age.   We incorporate by reference responsive

allegation number five (5).  It is affirmatively alleged that Hernández Ortiz was

the first person dismissed at Holsum for not complying with the Mandatory

Vaccination Policy, since, as a nurse of the company, she was in charge of

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

implementing and following up the vaccination measures established, among others.  It is affirmatively alleged, also, that the plaintiff was the person who, given her occupational classification as a nurse, would be in direct contact with the employees that exhibited any type of symptoms of COVID-19 or any health condition.  Therefore, her unfounded refusal to be vaccinated and comply with the Mandatory Vaccination Policy, directly placed at risk the other employees of the company, their relatives, suppliers, clients and consumers.  It is denied that Holsum does not take measures or treat in an uneven manner other employees that did not comply with the Vaccination Policy.  It is affirmatively alleged that Holsum's actions were at all times legitimate, motivated by the pressing interest of providing its employees a workplace safe and free of health risks, as well as reducing the risk of exposure to COVID-19 in the midst of a pandemic.  It is affirmatively alleged that no other nurse of the company has refused to comply with the vaccination policy and remain in their employment, because they are younger.  We incorporate by reference responsive allegation five (5).  It is affirmatively alleged that the plaintiff was not substituted in her employment by a younger person.  It is affirmatively alleged that, after the justified dismissal of

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

the plaintiff, her position as a nurse was occupied by the nursing professional who back in 2007 occupied the position of Hernández Ortiz, prior to hiring the same.  It is affirmatively alleged that  the nurse that now occupies the position at Holsum is vaccinated, has a certification to vaccinate the personnel of the company, and has been in charge of implementing and following the vaccination measures established by Holsum which Hernández Ortiz refused to comply.

21.   What is alleged in paragraph twenty one (21) of the Amended Complaint does not require a responsive allegation from Holsum since it involves a legal argument.  If required, it is denied with the exception that the plaintiff was not discriminated in her employment.  It is affirmatively alleged that, at no time, did the plaintiff provide to Holsum any valid reason that required any type of accommodation with regard to the vaccination condition.  It is affirmatively alleged that the age of the plaintiff was not a factor considered in her dismissal. There was no unequal treatment pursuant to the juridical law in effect.  The plaintiff was dismissed for legitimate non-discriminatory reasons.  See responsive allegations five (5) and seven (7).

22.   What is alleged in paragraph twenty two (22) of the Amended Complaint does not require a responsive allegation from Holsum since it involves

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

an argument of law.   If required, it is denied with the exception that the plaintiff was not discriminated in her employment.  It is affirmatively alleged  that the age of the plaintiff was not a factor considered in her dismissal. The plaintiff was dismissed for legitimate non-discriminatory reasons.  See responsive allegations five (5) and seven (7).

23.   What is alleged in paragraph twenty three (23) of the Amended Complaint is denied.   It is denied that Holsum did not comply with any labor obligation whatsoever towards the plaintiff. It is affirmatively alleged that Holsum's actions were carried out in compliance with the law and with the pressing interest of providing its employees a workplace free of health and security risks.

24.   What is alleged in paragraph number twenty-four (24) of the Amended Complaint is denied.  It is affirmatively alleged that, in the measure that there was just cause in the termination of the plaintiff, Hernández Ortiz is not entitled to the severance payment, attorney fees, indemnification nor any remedy or compensation from Holsum.

25.   What is alleged in paragraph number twenty five (25) of the Amended Complaint is denied.  It is affirmatively alleged that, in the measure

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

that there was just cause in the termination of the plaintiff, Hernández Ortiz is not entitled to the severance payment, attorney fees, indemnification nor to any remedy or compensation from Holsum.

Every allegation or assertion - including the prayer- in the Complaint or Amended Complaint that has not been expressly accepted by Holsum should be deemed as denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint and the Amended Complaint do not state facts that justify the concession of a remedy in favor of the plaintiff and against the defendant.

2.      The Complaint and Amended Complaint do not comply with the Rules of Civil Procedure in effect.

3.      The Court lacks jurisdiction over the matter.

4.      The Court lacks jurisdiction over the person.

5.      The Complaint has totally or partially prescribed.

6.      This Court lacks competence to resolve the captioned complaint.

7.      The Complain fails to accumulate an indispensable party for the resolution of all or some of the causes of action.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

8.     Res judicata and/or collateral impediment.

9.     The summons and its service were defective.

10.    Insufficiency of the service of the summons.

11.    The summons was not served pursuant to the applicable laws.

12.    The plaintiff has incurred in temerity by filing and maintaining the captioned Complaint active.

13.    Holsum does not owe any severance payment, compensation or amount whatsoever for any concept to the plaintiff.

14.    The plaintiff received all of her compesation and all of her benefits pursuant to law for all of the time worked.

15.    The plaintiff has no right whatsoever to receive nor claim attorneys fees, interests, costs nor expenses.   In the alternative, in the erroneous supposition that the plaintiff could prevail in the captioned case, which is denied, she may only claim a maximum of fifteen percent (15%) for attorney fees pursuant to what was resolved by our Supreme Court of Puerto Rico in its Opinion issued in the case of Hernández Maldonado v. The Taco Maker, Inc., 2011 T.S.P.R. 42.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

16.     Holsum does not owe any amount whatsoever for any concept to the Plaintiff.

17.     The Complaint is frivolous and lacks merit.

18.     The captioned Complaint is not susceptible to resolution through the summary procedure pursuant to Law 2 of October 17, 1961.

19.     It is requested from this Honorable Court that after dismissing the captioned Complaint it impose severe sanctions on the plaintiff and the payment of attorneys fees for her temerity in filing and maintaining the same pursuant to Rule 44.1(d) of Civil Procedure.  Acuna Caballero v. Caribbean Aviation Corp., KLAN 2010-00393, 2020 WL 3614097 (CA 2010).

20.     Holsum does not have nor has it had a duty or responsibility to the plaintiff within the context of the allegations stated in the Complaint.

21.     Holsum always acted in good faith without there existing any negligence and with legitimate business reasons.

22.     The plaintiff was dismissed for just cause pursuant to the provisions of Law 80-1976, as amended by Law 4-2017, its jurisprudence, the public policy

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

and executive orders in effect in our law.

23.     In view of the health emergency caused by the COVID-19, the work centers like Holsum have been forced to implement multiple measures to confront the dangerous illness of COVID-19 and protect their employees.

24.     In the particular case of the employers, their actions are totally legitimate, since they are geared to complying with their constitutional duty to provide a workplace free of risks to the health and integrity of their employees.

25.     Holsum is a company engaged in the manufacture of food.  It is affirmatively alleged that, in harmony with the emergency situation of the public health, the public policy established in the country and the pertinent guidelines of the federal and state agencies, as well as the entities with expertise in the control of exposure to COVID-19, on January 11, 2021 Holsum implemented at its workshop a Mandatory Vaccination Policy for its employees.

26.     The personnel of the Department of Human Resources and the Nursing personnel of Holsum, including the plaintiff who worked as a nurse, were the ones in charge of the establishment of the vaccination policy and its follow-

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

up, which is why, since they had a greater exposure to all of the personnel at the plant, they are obligated to comply with the vaccination as an employment requirement, unless there is any health condition that is an incapacity under ADA) and Law 44-1985 or a sincere religious belief that required some type of accommodation.

27.    The plaintiff, as a nurse of Holsum, was one of the persons with greatest direct contact with the employees of the plant and, also, the one obligated to attend and review the employees that exhibited COVID-19 symptoms, among other illnesses.

28.    The plaintiff was the person who because of her position was in charge of attending the vaccination process of the employees of Holsum, which commenced on April 12, 2021.

For Holsum it was imperative that Hernández Ortiz comply with the vaccination policy on or before April 11, 2021 and that she be vaccinated against COVID-19 since she was vulnerable to the infection and prone to infect other employees, except in case there was any justified reason that required any type of accommodation from the company.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

29.     The plaintiff was dismissed for just cause, pursuant to the provisions of Law 80-1976, as amended by Law 4-2017, its jurisprudence, the public policy and the executive orders in effect in our statutes.

30.     At the beginning of the year 2020, the World Health Organization declared the COVID-19 illness as a pandemic and a public health emergency of international interest.  In view of the emergency, work centers like Holsum have been forced to implement multiple measures to confront the dangerous COVID-19 illness so as to protect their employees, their relatives and the general public that consumes the fresh products elaborated by the company.  In the particular case of the employers, their actions are totally legitimate, since they are geared to complying with their constitutional duty to provide a workplace free of risk for the health and integrity of their employees, relatives and consumers.

31.     Holsum is a company engaged in the manufacture of food.  It is affirmatively alleged that, in harmony with the emergency situation, the public policy established in the country and the guidelines of the pertinent Federal and state agencies, on January 11, 2021 Holsum implemented in its workplace a Mandatory Vaccination Policy for its employees.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

32.    The personnel of the Department of Human Resources and the Nursing personnel at Holsum, including the plaintiff who worked as a nurse, were the ones in charge of the establishment of the vaccination policy and its follow-up, for which reason since they had a greater exposure than all of the personnel of the plant, they were obligated to be the first in complying with the vaccination as a requirement of employment, unless there was any health condition that was an incapacity under ADA and Law 44-1985 or a sincere religious belief that required some type of accommodation.

33.    The plaintiff, as a nurse at Holsum, was one of the persons with the greatest direct contact with the employees of the plant and, also, the one obligated to attend and check the employees that exhibited symptoms of COVID-19, among other illnesses, in the work shift that commenced at 3:30 pm. She was one of the persons who because of her position at the company would be in principally in charge of managing the vaccination process of the other employees of Holsum, which commenced on April 12, 2021. In view of the above, for Holsum it was imperative that Hernández Ortiz comply with the vaccination policy on or before April 11, 2021 and that she be vaccinated against

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

COVID-19, unless there was any justified reason that required some type of accommodation from the company. This was stated to the plaintiff.

34.     On several occasions, the administration of Holsum communicated to the plaintiff that a mandatory vaccination policy had been implemented and that she as a nurse of the company, would have to coordinate and would be one of the persons in charge of the vaccination process of the personnel at the Holsum facilities.  The plaintiff initially manifested to the administration of Holism that she would get the vaccination, but then changed her position without stating any reason whatsoever for her non-compliance with the mandate.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

35.    Holsum required from Nurse Hernández Ortiz, as a condition for employment, to be vaccinated against COVID-19.  Hernández Ortiz requested time from Holsum to think if she would be vaccinated, because after informing that she would be vaccinated, she indicated that she was not sure, without providing any specific reason whatsoever.

36.    Holsum granted the plaintiff the opportunity to complete the Request for Exemption, stating in writing the grounds for not wanting to be vaccinated.

37.    After the plaintiff had not complied with the terms provided to present the Request for Exemption, Mrs. Enid Estévez (Head Nurse) required from Hernández Ortiz that she present her request on or before March 30, 2021. On that date, the plaintiff again failed to comply and requested from Mrs. Yarissa Fonseca (Human Resources Manager) additional time to present her Request for Exemption.

38.    Mrs. Fonseca granted her until April 1, 2021 (Holy Thursday), at 3:30pm, to submit the Request for Exemption.  Despite the above, the plaintiff did not deliver the announced Request.  It is affirmatively alleged that at the time

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

of Mrs. Fonseca culminating her work on April 1, 2021, the plaintiff had not submitted the document requested, demonstrating in this manner her insubordination and lack of cooperation with Holsum in the process to evaluate the legitimacy of her refusal to be vaccinated.

39.    Mrs. Fonseca again instructed the plaintiff that she submit her Request and waited for the same until 6:30 pm, the time when she decided not to wait any further and left for her home in view of the repetitive insubordination of the plaintiff.

40.    On Sunday, April 4, 2021, Mr. Nelson Vélez and Mrs. Enid Estévez met with the plaintiff to interview her on her insubordination, lack of respect and non-compliance with the delivery of the Request for Exemption, as instructed.

41.    The plaintiff did not provide any valid explanation whatsoever that could justify her conduct.  Mister Vélez indicated to the plaintiff that she would be suspended until they completed the investigation on her insubordinated conduct, lack of respect and misrepresentations.

42.    Absent a request for exemption with valid reasons that justified any accommodation, the plaintiff was instructed to be vaccinated on or before April

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

<u>8, 2021.</u>  She told Mister Vélez that on the night of April 1, 2021 she had left her Request for Exemption, but "had I known it, I would have been vaccinated on Holy Friday".  Immediately thereafter, the plaintiff mentioned that she had a pharmacy near her home where she could get vaccinated.

43.     Mister Vélez indicated that she could get vaccinated with the vaccine of her preference and in the location of her preference.  Nevertheless, he also informed the plaintiff that Holsum had made an appointment for her at a Vaccination Clinic, as an additional alternative so that she could coply with her obligation.  Mister Vélez also indicated to her that, while the investigation ended, they would evaluate the request that she submitted in a tardy manner.

44.     Despite having received an instruction to be vaccinated on or before April 8, 2021, Hernández Ortiz once again did not comply with her duty in an insubordinated manner, without reasons that justified her refusal.

45.     This being the case, the plaintiff was summoned on Sunday, April 11, 2021, the day prior to commencing the vaccination process of the personnel of the plant, to know the state of her vaccination as the last opportunity.  That day Ms. Vélez met with the plaintiff in the presence of Mrs. Estévez.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

46.     Mister Vélez indicated to the plaintiff that after evaluating her Request for Exemption, there were no valid reasons supported on health conditions or religious beliefs that required any type of accommodation from Holsum.  He indicated that there was pending informing her the result of the investigation of her insubordinated conduct and lack of respect but that they wanted to talk to her about the status of her vaccination to consider providing her an opportunity.

47.     When inquired about the vaccination against COVID-19, the plaintiff informed that she did not go to the appointment coordinated by the company and that she also did not get vaccinated on her own.  She notified that she was not refusing to be vaccinated, but that she could get vaccinated in the future.

48.     The plaintiff was notified that, in view of her insubordination, lack of respect and false representations towards the directives of the company together with the absence of legitimate reasons that justified her refusal to comply with the vaccination despite her position as a nurse with the obligation to implement and manage the vaccination process of the rest of the personnel, they were terminating her employment relationship effective on April 11, 2021.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

49.    The decision of the plaintiff to be insubordinated and not get vaccinated was voluntary and personal, not linked to any incapacity or any sincere religious belief whatsoever that justified exempting her from the Vaccination Policy and that required any type of unsolicited accommodation.

50.    A mandatory vaccination requirement against COVID-19 in private employment does not violate any law whatsoever nor the Constitution.  In our laws, the capacity of a private employer like Holsum to require the vaccination of its employments is only limited by medical conditions that constitute incapacities, pursuant to Law 44-1985 or ADA, or a sincere religious belief.  It is affirmatively alleged that none of the exceptions is applicable to the plaintiff.

51.    The plaintiff Hernández Ortiz, a nurse of Holsum with the duty to coordinate and direct the vaccination of employees, did not comply with a basic duty as a nurse, derived from the standards of Holsum that are not contrary to the law, moral nor the public order.  It is affirmatively alleged that, in view of her non-compliance, her lack of respect and reiterated insubordination, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of the plaintiff.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

52.     The capricious refusal of the plaintiff to comply with the Mandatory Vaccination Policy fully justified her dismissal.

53.     The decision of the plaintiff to be insubordinated and not get vaccinated was capricious, voluntary and personal, not linked to any incapacity or sincere religious belief whatsoever that justified exempting her from the Vaccination Policy and that required any type of unsolicited accommodation.  It is affirmatively alleged that a mandatory vaccination requirement against COVID-19 in the private employment does not violate any law nor the Constitution.

54.     In our law, the capacity of a private employer like Holsum to require the vaccination of its employees is only limited by medical conditions that constitute incapacities, pursuant to Law 44-1984 or ADA, or a sincere religious belief.  It is affirmatively alleged that none of the exceptions is applicable to the plaintiff.

55.     The plaintiff Hernández Ortiz, a nurse of Holsum with the duty to coordinate and direct the vaccination of employees, did not comply with a basic duty as an employee, derived from the standards of Holsum that are not contrary to the law, moral or the public order.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

56.    It is affirmatively alleged that, in view of her non-compliance, her lack of respect, false representations and reiterated insubordination, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of the plaintiff.

57.    The decision of the plaintiff to not get vaccinated was capricious, voluntary and personal, not linked to any valid situation whatsoever that would be in conflict with the vaccination and that required any type of unsolicited accommodation.

58.    A requirement of vaccination against COVID-19 in private employment does not violate the law, unless there are incapacities that qualify under ADA and Law 44-1985 or religious beliefs that require any accommodation.

59.    In our laws, the capacity of a private employer to require the vaccination of its employees is only limited by incapacities under ADA and Law 44-1985 or a sincere religious belief.  It is affirmatively alleged that none of the exceptions is applicable to the plaintiff.

60.    The law and the applicable regulation allow Holsum to require from its employees the vaccine against COVID-19 as a condition for employment.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

61.   Under the applicable labor laws and regulation, an employer like Holsum is empowered to require from all of its employees that physically work at its facilities, that they be vaccinated against COVID-19, subject to the valid exceptions that require a reasonable accommodation.

62.   Under the applicable labor laws and regulations, an employer like Holsum can require that all of its employees comply with the requirements of vaccination as a condition for employment

63.   There existed a pressing interest.

64.   There existed an important interest.

65.   The pressing interest, constitutional and mandated by law - local and federal- of Holsum to maintain a safe workplace, as well as the obligation to maintain measures geared to minimizing the collective contagion of COVID-19 among its employees, relatives, suppliers, clients and consumers, prevails over any other statutory and individual provision of a constitutional nature.

66.   The plaintiff could not comply with the essential functions of her position as a nurse of Holsum without being vaccinated, because this constituted a direct health and security threat against the rest of the personnel.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

67.     The plaintiff was incapable of complying with the essential functions of the work as a nurse without being vaccinated.

68.     The plaintiff incurred in insubordination in a reiterated manner, which fully justified her dismissal.

69.     The plaintiff demonstrated insubordination and lack of cooperation with Holsum in the process of evaluating the legitimacy of her refusal to be vaccinated, which validates her termination

70.     Hernández Ortiz did not comply with a basic duty as an employee, derived from Law 4-2017 and the standards of Holsum which are not contrary to the law, moral nor the public order.  It is affirmatively alleged that, in view of her reiterated non-compliance, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of the plaintiff.

71.     The Bill of Rights of the Constitution of the Commonwealth of Puerto Rico imposes on the employers the duty to establish measures and take actions geared to protecting its employees from health risks.

72.     The capricious voluntary determination, without any basis whatsoever, of the plaintiff, constituted a direct risk to the employees of Holsum,

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

their relatives, third parties and consumers, since it involved the person that would be in direct contact with the employees, including those that exhibited some type of symptom and potentially with persons in a delicate state of health.

73.     In view of the absence of valid reasons that justified any type of accommodation, Holsum had legitimate, justified and non-discriminatory reasons for the dismissal of Hernández Ortiz for insubordination, lack of respect, for misrepresentations, for not complying with basic duties and for not complying with said condition of vaccination.

74.     The individual constitutional rights of the plaintiff to her intimacy or to reject medical treatment cannot go over the right of the other employees of Holsum, their relatives, suppliers, clients and consumers to avoid health risks.

75.     The plaintiff did not comply with the Mandatory Vaccination Policy against COVID-19.

76.     There was no discriminatory spirit on the part of Holsum, merely that the justified termination was related to the fact that plaintiff was insubordinated, did not comply with basic duties and refused to receive the vaccination against COVID-19.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

46

77. The plaintiff has no valid cause of action for discrimination due to age.

78. The persons that the plaintiff pretends to use as comparable were not equally situated as she.

79. There was no unjustified unequal treatment towards the plaintiff due to her age.

80. With her impugnation of Holsum's mandatory vaccination policy, the plaintiff unfoundedly superimposes an individual objection to receive a vaccination of COVID-19, over the health and security of her co-workers, ignoring in turn the actual state of a pandemic and the public health emergency.

81. The plaintiff lacks any active legitimacy to claim rights or non-compliance of the Federal Food, Drug and Cosmetic Act (FDCA), since there is no right to a private action under the aforementioned Federal law.

82. All of the proceedings for the enforcement, or to restrain violations of the FDCA fall on the Government of the United States and not on private persons. 21 U.S.C. §337 (a).

83. The dismissal of the Complaint for the dismissal of Hernández Ortiz is pertinent in the measure that it is based on the alleged violation of the FDCA

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

by Holsum, in establishing a mandatory vaccination policy and the plaintiff has no active legitimacy for said legal allegations.

84.     The FDCA does not prevent employers from requiring from their employees a vaccination as a condition of employment.

85.     Nothing in the FDCA, nor its emergency conditions suggest that Congress attempted to prohibit that the employers could require the vaccination as a condition of employment during a public health emergency.

86.     The guidelines of the Equal Employment Opportunity Commission ("EEOC") recognize to the employers the power to request the mandatory vaccination of its employees against COVID-19 as a condition for employment.

87.     The refusal of the plaintiff to comply with the vaccination process constituted a direct threat to the rest of the employees of Holsum and with regard to the interest of the company to take measures geared to protecting the health and security of its employees against risks during a time of a pandemic.

88.     The right of the plaintiff to refuse to be vaccinated does not go over nor prohibits Holsum from the capacity to require that its employees who are present in the workplace be vaccinated.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

89.     All of the actions taken by Holsum, were carried out in a valid manner, for just cause, in good faith and for legitimate reasons, including the pressing interest of protecting the health and the security of its employees, relatives, suppliers, clients and consumers in the midst of a pandemic.

90.     The plaintiff was not substituted in her employment by a younger person.   It is affirmatively alleged that, after the justified dismissal of the plaintiff, her position as a nurse was occupied by the nursing professional who back in 2007 occupied the position of Hernández Ortiz, prior to her being contracted.  It is affirmatively alleged that the nurse of Holsum - who occupied the position before the plaintiff and was recently rehired - is vaccinated, has a certification to vaccinate the personnel of the company, and has been in charge of implementing and following the vaccination measures established by Holsum which Hernández Ortiz refused to comply.

91     The rights alleged by the plaintiff are not absolute.

92.     The plaintiff is barred by her own acts of filing this Complaint.

93.     The plaintiff has not mitigated the alleged damages suffered.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

94.     The plaintiff has not suffered any damage whatsoever due to the action or omission of Holsum.

95.     The damages allegedly suffered by the plaintiff are excessive.

96.     The remedies requested exceed the limits established in Law 4-2017.

97.     There is no relationship or causal connection between the damages that the plaintiff allegedly suffered and the alleged actions and omissions of the defendant.

98.     At all time Holsum has acted in good faith.

99.     At no time has Holsum incurred in negligent or intentional actions or omissions against the plaintiff.

100.    Any action of omission of Holsum toward the plaintiff is based on a legitimate business reason.

101.    The alleged discrimination due to age never occurred.

102.    There is no presumption of discrimination.

103.    The plaintiff was not replaced in her employment.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

50

104.   Hernández Ortiz was the first person dismissed at Holsum for not complying with the Mandatory Vaccination Policy, since she, as a nurse of the company,  was the person in charge of implementing and giving a follow-up to the vaccination measures established.

105.   The plaintiff was the person that would be in direct contact with the employees, including those that exhibited any type of symptom of COVID-19, wherefore her unfounded refusal to be vaccinated and comply with the Mandatory Vaccination Policy, placed the other members of the company at a direct risk.

106.   We deny that Holsum treats in an unequal manner other employees that do not comply with the Vaccination Policy.

107.   The defendant fully complied with her obligations under the applicable laws.

108.   The damages alleged in the complaint are not true, speculative, excessive and have no legal basis whatsoever.

109.   The plaintiff has the burden of proof with regard to all of its claims.

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

110.   The severance payment is the exclusive remedy, in the erroneous assumption that the plaintiff could prevail.

**Holsum reserves the right to raise any other affirmative defense that arises as a result of the discovery of evidence or during any other stage of the judicial process of this claim.**

RESPECTFULLY SUBMITTED.

I CERTIFY:  Having sent a true and correct copy of this document today to **Atty. Luis E. Mercado Hidalgo,** to the following e-mail lcdomercadohidalgo@gmail.com and through the Automatic System of Notification Between of SUMAC.

In San Juan, Puerto Rico, June 7, 2021.

**Attorneys for the Defendant:**

**PIZARRO & GONZALEZ**

PO Box 194302
San Juan, PR 00919-4302
Tel. (787) 767-7777
Fax (787) 723-2286

s/Jorge C. Pizarro Garcia
**JORGE C. PIZARRO GARCÍA**
RUA No. 9,450
E-mail: jpizarro@pg.legal

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218

s/José R. Gonzalez Nogueras
**JOSÉ R. GONZÁLEZ NOGUERAS**
RUA No. 12,234
E-mail: jgonzalez@pg.legal

s/Karla Rivera Rubio
**KARLA RIVERA RUBIO**
RUA No. 18,391
E-mail:  krivera@pg.legal

Certified to be a true and
correct translation from its original.
Aída Torres, USCCI
Tel. 787-225-8218