IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN EMILIA HERNÁNDEZ-ORTIZ<br><br>Plaintiff,<br><br>v.<br><br>HOLSUM DE PUERTO RICO, INC.<br><br>Defendant | CIV. NO.: 21-1307 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Carmen Emilia Hernández-Ortiz's ("Plaintiff Hernández-Ortiz") Motion to Remand at Docket Number 3. Defendant Holsum de Puerto Rico, Inc., ("Defendant Holsum") opposed the same ("Opposition"). Docket No. 4. The Motion to Remand comes on the heels of Defendant Holsum's Notice of Removal. Docket No. 1. For the reasons set forth below, this case is **REMANDED**.

| HERNÁNDEZ-ORTIZ v. | Page 2 |
|---|---|
| HOLSUM DE PUERTO RICO, INC. | |

## I.   Background

Plaintiff Hernández-Ortiz filed suit ("Amended Complaint") against Defendant Holsum before the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Bayamón. Docket Nos. 1-1 and 1-2.[1] In the Amended Complaint, she alleges that, on April 11, 2021, Defendant Holsum unlawfully discharged her from her position as an occupational nurse because she refused to be inoculated with the COVID-19 vaccine. Docket No. 1-2 at ¶¶ 5, 7. She also alleges that she was discriminated against due to her age, for younger employees that refused administration of the COVID-19 vaccine were not discharged and remained employed by Defendant Holsum. *Id.* at ¶ 20. Furthermore, after she was fired, Defendant Holsum reportedly replaced her with a younger nurse. *Id.*

---

[1] Docket Number 1-1 is the Original Complaint, while Docket Number 1-2 is the Amended Complaint. It appears that both documents were filed on the same day.

While Plaintiff Hernández-Ortiz invokes Puerto Rico law in support of her unlawful discharge and discrimination claims, she also references Section 564 of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb-3 ("Section 564") in her Amended Complaint. *Id.* at ¶ 11. It is precisely Plaintiff Hernández-Ortiz's reference to Section 564 of the FDCA that Defendant Holsum relies on in arguing that the instant case should be removed from the state court to this Court. Docket No. 3. Specifically, in its Notice of Removal, Defendant Holsum contends that what Plaintiff Hernández-Ortiz is ultimately alleging in her Amended Complaint is that Defendant Holsum violated Section 564 when it fired her. *Id.* at ¶ 9. Under that legal theory, Defendant Holsum reasons that "federal law completely preempts [Plaintiff Hernández-Ortiz's] state law claim[s]." *Id.* at ¶¶ 15-17. It then flows from this reasoning that because complete preemption is at play here, this case should be heard in federal court instead of in state court.

Plaintiff Hernández-Ortiz begs to differ. In her Motion to Remand, she remains steadfast that her Amended Complaint only advances Puerto Rico law claims and does not raise a federal question that would warrant removal. Docket No. 3. She states that she merely mentioned Section 564 to explain that one of the reasons why she refused the COVID-19 vaccine was because it had been approved by the United States Food and Drug Administration for emergency use only.[2] *Id.* at ¶¶ 8 and 13.

In its Opposition, Defendant Holsum incorporates the arguments included in its Notice of Removal, for it understands that those arguments alone are enough to trump Plaintiff Hernández-Ortiz's request for this case to be remanded. Docket No. 4 at ¶ 5. With this backdrop in tow, we

---

[2] The Court takes judicial notice of the fact that on August 23, 2021, the United States Food and Drug Administration formally approved the Pfizer-BioNTech Covid-19 vaccine. *See* United States Food and Drug Administration, *FDA Approves First COVID-19 Vaccine*, https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine (last accessed Aug. 30, 2021).

turn to the matter at hand.

## II. Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. § 1441(a) a civil action may be removed from state court to federal court. 28 U.S.C. § 1441(a). That statute, however, should be "strictly construed". *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Accordingly, any doubts regarding federal jurisdiction tip the scale in favor of remand. *Rosselló-González v. Calderón-Serra*, 398 F.3d 1, 11 (1st Cir. 2004). Moreover, when removal is challenged, it is the removing party—in this case, Defendant Holsum—who bears the burden of showing that removal is appropriate given that "[t]he removal statute does not in itself create jurisdiction." *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999).

In this vein, the Court notes that, in her Motion to Remand Plaintiff Hernández-Ortiz makes a cursory reference to what is known as the "*Pullman* Abstention" doctrine as articulated in *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

| HERNÁNDEZ-ORTIZ v. | Page 6 |
| HOLSUM DE PUERTO RICO, INC. | |

Docket No. 3 at ¶ 4. The Court will not take a long detour to address this matter in depth, for such a detour is uncalled for here. In short, "[t]he primary purpose of the *Pullman* abstention doctrine is to 'avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues[.]'" *Asociación de Detallistas de Gasolina de Puerto Rico, Inc. v. Commonwealth of Puerto Rico,* 18 F.Supp.3d 99, 102 (D.P.R. 2014) (quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 76 (1997)). Here, Plaintiff Hernández-Ortiz's reliance on that doctrine—given the issues currently before this Court—is misplaced, for this Court's role today is limited to determining whether Defendant Holsum has met its burden of asserting federal jurisdiction and whether the Court in fact has jurisdiction over the matter in light of the ground advanced by Defendant Holsum, concretely, complete preemption.

### B. Complete Preemption

We begin with the basics. It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian*

*Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also Belsito Communications, Inc. v. Decker*, 845 F.3d 13, 21 (1st Cir. 2016) (highlighting that "[i]t goes without saying—but we say it anyway—that federal courts are courts of limited jurisdiction, limited to deciding certain cases and controversies[.]"). The Supreme Court in *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) summarized the "jurisdictional grants" that open the door for federal jurisdiction by stating that, "[i]n 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, §1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." The *Jackson* court added that "[t]hese jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively." *Id.* Only the former is relevant to our inquiry today.[3]

---

[3] Defendant Holsum couched its Notice of Removal on the existence of federal jurisdiction due to its understanding that the Amended Complaint

In line with the aforesaid, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There are, however, exceptions to the "well-pleaded complaint rule," one of them being "complete preemption." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (explaining that "[o]ne corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character"). And that happens to be the exception that Defendant Holsum leans on to assert federal jurisdiction in this case. The problem is that complete preemption is inapplicable here.

---

raises a "federal question". Diversity jurisdiction was not asserted.

| HERNÁNDEZ-ORTIZ v. | Page 9 |
|---|---|
| HOLSUM DE PUERTO RICO, INC. | |

It is worth acknowledging that, "[c]omplete preemption is a misleadingly named doctrine." *Rueli v. Baystate Health, Inc.* 835 F.3d 53, 57 (1st Cir. 2016) (internal citations and quotations omitted). The same is not to be confused with the concept of preemption—which ordinarily serves as a defense—because complete preemption entails that the actual claim being advanced by a plaintiff "arises under federal law." *Id.* In *López-Muñoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 5 (1st Cir. 2014), the First Circuit stated that "[t]he linchpin of the complete preemption analysis is whether Congress intended that federal law provide the exclusive cause of action for the claims asserted by the plaintiff." It further added that "[t]he Supreme Court decisions finding complete preemption share a common denominator: exclusive federal regulation of the subject matter of the asserted state claim, coupled with a federal cause of action for wrongs of the same type." *Id.* (quoting *Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 46 (1st Cir. 2008)). Meaning that, Defendant Holsum was tasked with pointing to a federal law that takes over the state

law claims set forth by Plaintiff Hernández-Ortiz in her Amended Complaint. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3722.2 (Rev. 4th ed. 2021) (underscoring that when complete preemption is at play "federal law does not merely preempt a state law to some degree; rather, it substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal").

Specifically, because Plaintiff Hernández-Ortiz's Amended Complaint includes two state law claims—unlawful discharge and discrimination due to age—Defendant Holsum had to show that there are federal laws that substitute these two state claims. But Section 564 does not satisfy this requirement, for there is no shared subject matter between that section of the FDCA and the unlawful discharge and discrimination due to age claims under Puerto Rico law as advanced by Plaintiff Hernández-Ortiz in her Amended Complaint. Furthermore, Section 564 does not completely preempt Plaintiff Hernández-Ortiz's Puerto Rico law claims

| HERNÁNDEZ-ORTIZ v.  HOLSUM DE PUERTO RICO, INC. | Page 11 |
|---|---|

for unlawful discharge and discrimination due to age, for it does not provide for comparable causes of action. As such, federal jurisdiction—premised on complete preemption—does not exist here.

The Court acknowledges, however, that, there is another "special and small category of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (internal citations and quotations omitted). Such cases materialize when a complaint advances state claims, but those state claims raise a substantial federal issue. *Id.*

In *Gunn,* the Supreme Court turned to its ruling in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal state balance approved by Congress." *Id.* Defendant Holsum did not put this Court in a position to apply the aforementioned four factor test and analyze whether Plaintiff Hernández-

| HERNÁNDEZ-ORTIZ v. | Page 12 |
|---|---|
| HOLSUM DE PUERTO RICO, INC. | |

Ortiz's Puerto Rico state law claims raised a federal issue. Instead, Defendant Holsum relied exclusively on its argument that federal jurisdiction was within its reach because the state claims were completely preempted by federal law. As noted, Defendant Holsum had the burden of establishing the existence of federal jurisdiction but failed to do so.

### III.   Conclusion

In light of the above, Plaintiff Hernández-Ortiz's Motion to Remand at Docket Number 3 is **GRANTED**. The instant case is hereby **REMANDED** to the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Bayamón.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of August, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

| | |
|---|---:|
| HERNÁNDEZ-ORTIZ v.<br>HOLSUM DE PUERTO RICO, INC. | Page 13 |